An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

NAOMI R. ARIN,
Appellant,
vs.
RECONTRUST, N.A.; BAC HOME
LOANS SERVICING, LP; AND BANK
OF AMERICA, N.A.,
Respondents.

No. 60410



FILED

OCT 17 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a proper person appeal from a district court order denying a petition for judicial review in a Foreclosure Mediation Program (FMP) matter. Eighth Judicial District Court, Clark County; Donald M. Mosley, Judge.

In an appeal from a district court order granting or denying judicial review in an FMP matter, this court defers to the district court's factual determinations and reviews de novo the district court's legal determinations. *Edelstein v. Bank of N.Y. Mellon*, 128 Nev. ___, ___, 286 P.3d 249, 260 (2012). To obtain an FMP certificate, a deed of trust beneficiary must: (1) attend the mediation; (2) participate in good faith; (3) bring the required documents; and (4) if attending through a representative, have a person present with authority to modify the loan or access to such person. NRS 107.086(4) (2011); *Leyva v. Nat'l Default Servicing Corp.*, 127 Nev. ___, ___, 255 P.3d 1275, 1278-79 (2011).

Appellant first contends that the district court abused its discretion in failing to hold an evidentiary hearing to determine whether respondents possessed her original promissory note, since the copy of the

note that respondents sent appellant before the mediation differed from the copy that respondents brought to the mediation. Based on the documents presented, it was not clearly erroneous for the district court to conclude that respondents possessed appellant's original note. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260 (indicating that, absent clear error, a district court's factual determinations will not be disturbed). Specifically, the document certifications that respondents sent appellant before the mediation stated that appellant's original note contained two endorsements, which matched the two endorsements on the note that respondents brought to the mediation. This was sufficient for the district court to conclude that respondents possessed the original note. *Id.* Thus, the district court was within its discretion when it declined to hold an evidentiary hearing regarding the matter. *See* FMR 21(2) (providing the district court with the discretion to determine whether an evidentiary hearing is necessary).

Appellant next contends that respondents failed to produce the documentation necessary to show that they were entitled to enforce her note. We disagree. The note produced by respondents included an endorsement by appellant's original lender made payable to the order of Countrywide Bank. The note also included a second endorsement in blank by Countrywide. Once the note was endorsed in blank, it became payable to bearer, meaning that the entity possessing the note was entitled to enforce it. *See* NRS 104.3109(3) ("An instrument payable to an identified person may become payable to bearer if it is endorsed in blank . . . ."); NRS 104.3205(2) ("When endorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone . . . ."); *see also Edelstein*, 128 Nev. at ___, 286 P.3d at 261 ("If the note is payable to

bearer, that 'indicates that the person in possession of the promise or order is entitled to payment.'" (quoting *Leyva*, 127 Nev. at ___, 255 P.3d at 1280)). Thus, by demonstrating that they were in possession of appellant's endorsed-in-blank note, respondents established that the note had been properly negotiated and that they were entitled to enforce it.[1] Accordingly, the district court properly rejected appellant's argument that respondents failed to produce the documentation necessary to show that they were entitled to enforce her note. *Edelstein*, 128 Nev. at ___, 286 P.3d at 260.

Appellant finally contends that the district court improperly admitted hearsay evidence. This court has never held that hearsay evidence cannot be considered in the context of an FMP show-cause hearing. More importantly, however, the complained-of evidence related to respondents' willingness to negotiate a loan modification with appellant, which was not an issue that appellant raised in her petition for judicial review.[2] Thus, even if the district court had considered this

---

[1]To the extent that appellant contends that Bank of America, rather than ReconTrust, should have demonstrated that it physically possessed the note, we reject this argument, as ReconTrust was Bank of America's agent. *See Edelstein*, 128 Nev. at ___, 286 P.3d at 261-62 (explaining that, under Article 3 of the Uniform Commercial Code, when an agent of a secured party is in physical possession of a note, the secured party is deemed to be in actual possession of the note).

[2]We recognize that, once respondents first raised this issue in their opposition to appellant's petition, appellant did allude to it in her reply. *Cf. Francis v. Wynn Las Vegas, LLC*, 127 Nev. ___, ___ n.7, 262 P.3d 705, 715 n.7 (2011) ("[A]rguments raised for the first time in [a] reply brief need not be considered.").

evidence for the truth of the matters asserted, it would have had no bearing on its decisions regarding the arguments put forth in appellant's petition for judicial review. Accordingly, we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:     Eighth Judicial District Court Dept. 14
        Naomi R. Arin
        McCarthy & Holthus, LLP/Las Vegas
        Eighth District Court Clerk